**CV 15      5398**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**COGAN, J.**

------------------------------------------------------------ X

SALVATORE MAGGIO,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK,
Police Officer JOHN DOE # 1 through 4 in
their individual and official capacities as
employees of the City of New York,

                           Defendants.

------------------------------------------------------------ X

**COMPLAINT**

Jury Trial Demanded

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

2015 SEP 21  AM 11: 24

FILED
CLERK

Plaintiff, SALVATORE MAGGIO, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief, for this Complaint:

### INTRODUCTION

1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.    On June 15, 2014, Defendants Police Officer JOHN and DOE # 1 through 4 (collectively, the "Defendants") unlawfully arrested Plaintiff without probable cause and then assaulted him, all without any justification or due cause.

3.     Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5.     This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiff s federal claims.

## VENUE

7.     Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8.     Plaintiff SALVATORE MAGGIO was at all material times a resident of the City of New York, New York State, and of proper

age to commence this lawsuit.

9.     Defendants JOHN DOE 1 through 4 were at all relevant times officers employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment.    They are named here in their individual official capacities.

10.    Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

11.    On June 15, 2014, at approximately 6:00 a.m., Plaintiff was inside his home located at 2221 West 7th Street, when defendants broke into Plaintiff's residence without justification or provocation and assaulted Plaintiff.

12.    Defendants handcuffed Plaintiff.

13.    The defendants then dragged Plaintiff to an awaiting police vehicle and transported him to the 61st Precinct.

14.   At the precinct, the defendants falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff committing various crimes.

15.   At no point did the Defendants observe Plaintiff committing any crimes or offenses.

16.   Ultimately, Plaintiff was taken from the precinct to Brooklyn Central Booking.

17.   The Kings County District Attorney's Office declined to prosecute the case because there was no probable cause for Plaintiff's arrest.

**COUNT ONE**
**False Arrest**
**New York State Tort Law**
**Against All Defendants**

18.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

19.   The Defendants, individually and in concert, arrested, confined, caused the confinement, and/ or continued the confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or cause the confinement of, Plaintiff.

20.   Plaintiff was conscious of his confinement.

21.   Plaintiff did not consent to his confinement.

22.   Plaintiff's confinement was not otherwise privileged.

4

23.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
### False Arrest
### 42 U.S.C. § 1983
### Against All Defendants

24.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

25.   The Defendants, individually and in concert, and acting under the color of law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to his liberty by searching, arresting, confining, causing the confinements, and/ or continuing the confinements of Plaintiff without any privilege whatsoever.

26.   Plaintiff was conscious of his confinements.

27.   Plaintiff did not consent to his confinements.

28.   The Defendants each deprived Plaintiff of his rights intentionally, knowingly, willfully, or recklessly, under color of law.

29.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE
### Assault and Battery
### New York State Tort Law
### Against All Defendants

30.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

31.   The Defendants intentionally touched Plaintiff and caused him serious physical injury in the incident in question.

32.   The Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification, excuse, or privilege.

33.   Plaintiff did not consent to physical contact by any of the Defendants.

34.   Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

35.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Excessive Use of Force
### 42 U.S.C. § 1983
### Against All Defendants

36. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

37. The Defendants intentionally touched Plaintiff.

38. The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

39. Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

40. By virtue of the foregoing, the Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

41. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT FIVE
### Substantive Due Process
### 5th and 14th Amendments
### Against All Defendants

43. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

44. The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

45. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

46. The Defendants treated Plaintiff in a manner that shocks the conscience.

47. The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

48. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT SIX
### Cruel and Unusual Punishment
### 8th Amendment
### Against All Defendants

50. Plaintiff repeats and realleges each and every allegation

above as if fully set forth herein.

51. The Defendants intentionally inflicted unnecessary and wanton pain and punishment upon Plaintiff.

52. By intentionally inflicting unnecessary and wanton pain and punishment upon Plaintiff, the Defendants violated Plaintiff s rights under the Eighth and Fourteenth Amendments to the United States Constitution.

53. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

**COUNT SEVEN**
***Respondeat Superior***
**Liability Against the
City of New York**

55. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

56. The aforementioned conduct of the Defendants occurred while they were on duty and was within the scope of their authority as officers.

57. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior* for the actions of the officers in the arrest in question.

9

## COUNT EIGHT
### *MONELL*

58.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59.   This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

60.   The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

61.   The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

62.   The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

63.   The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a)  Award compensatory damages against the defendants, jointly and severally;

(b)  Award punitive damages against the individual defendants, jointly and severally;

(c)  Award costs of this action to the Plaintiff;

(d)  Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 42 U.S.C. § 1988;

(e)  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:  September 16, 2015
        Brooklyn, New York

Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
rameaulawny@gmail.com

TO:  All Defendants
     Corporation Counsel of the City of New York